# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** MANN PACKING CO., INC., a
*(AVISO AL DEMANDADO):* California corporation, and

**YOU ARE BEING SUED BY PLAINTIFF:** JUAN MARTINEZ, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of himself and on behalf of all other similarly situated individuals



**SUM-100**
FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
FEB 17 2012
CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
_____ DEPUTY
CATHERINE DEM

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
MONTEREY COUNTY SUPERIOR COURT
1200 Aguajito Road
Monterey, California 93940
Civil Division, Unlimited Jurisdiction

CASE NUMBER: *(Número del Caso):* 116476
M116476

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
STUART R. CHANDLER, SBN 088969     (559) 431-7770   FAX (559) 431-7778
Attorney at Law
761 East Locust Avenue, Suite 101
Fresno, California 93720

DATE: FEB 17 2012    CONNIE MAZZEI    Clerk, by _____ CATHERINE DEM, Deputy
*(Fecha)*                         *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

STUART CHANDLER 088969
Stuart R. Chandler, a Professional Corporation
761 E. Locust, Suite 101
Fresno, California 93720
Phone (559) 431-7770
Fax: (559) 431-7778
stuart@chandlerlaw.com

Daniel P. Hunt, Esq. 239412
The Downey Law Firm, LLC
P.O. Box 3040
South Pasadena, California 91031
T: (610) 324-2848 / (610) 813-4579

Attorneys for Plaintiff and the proposed class

FILED
FEB 17 2012
CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
_____ DEPUTY
CATHERINE DEVI

CASE MANAGEMENT CONFERENCE
DATE: 7|13|12
TIME: 9:00 AM
PLACE: Courtroom 15, 2nd Floor
1200 Aguajito Rd. Monterey CA 93940

## SUPERIOR COURT OF MONTEREY COUNTY

| | |
|---|---|
| JUAN MARTINEZ, on behalf of himself and on behalf of all other similarly situated individuals,<br>Plaintiff,<br>v.<br>MANN PACKING CO., INC., a California corporation; and DOES 1-50, inclusive,<br>Defendants. | Case No. M116476<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LABOR CODE AND WAGE ORDERS, AND CALIFORNIA BUSINESS AND PROFESSIONS CODE §§17200, *et seq.*** |

Plaintiff, Juan Martinez (hereinafter "Plaintiff"), on behalf of himself and all other similarly situated individuals, complains and alleges as follows:

### INTRODUCTION

1. This is a class action against Mann Packing Co., Inc. (hereinafter "Mann"), to

— 1 —

CLASS ACTION COMPLAINT

1. challenge Mann's policy and practice of requiring their non-exempt employees to work substantial amounts of time "off-the-clock" and without pay, and failing to provide their non-exempt employees with the meal and rest periods to which they are entitled by law.

2. Plaintiff and the members of the class are non-exempt production and support employees. Under Mann's wage compensation system, Mann does not pay Plaintiff and class members for all required pre- and post-production work activities that are necessary and integral to their overall employment responsibilities, such as donning and doffing sanitary equipment and gear (also known as personal protective equipment, and hereinafter referred to as: "PPE"), and cleaning and sanitizing their person(s). All of these activities are performed for the benefit of Mann as all of the above work activities are performed by Mann employees to reduce the threat of cross-contamination of food product by human borne bio-pathogens.

3. The time that Mann requires its employees to work without compensation on a daily basis is substantial, and deprives Plaintiff and the class of many hours' worth of wages (both straight-time and overtime) per week. In addition, because Plaintiff and the class are required to perform numerous work activities during their meal and rest breaks, thus they are neither offered nor provided with 30 minutes of off-duty time in which to eat their meals, nor uninterrupted 10 minute rest breaks as required by California law.

4. As a result of all of these acts and omissions, Mann is liable for violations of the California Labor Code, California Industrial Welfare Commission ("IWC") wage orders, and the California Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200 *et. seq.*

5. Plaintiff seeks full compensation, on behalf of himself and all others similarly situated individuals, for all unpaid wages, unpaid overtime, denied meal and rest periods, and waiting time penalties. Plaintiff also seeks additional relief available under applicable law on behalf of himself and the proposed California law class for Mann's violations of the California Labor Code, and California IWC wage orders. Plaintiff also seeks declaratory and injunctive relief, including restitution. Finally, Plaintiff seeks reasonable attorneys' fees and costs under the California Labor Code, California Code of Civil Procedure § 1021.5, and/or other applicable law.

—2—

CLASS ACTION COMPLAINT

## PARTIES

6. Plaintiff Juan Martinez was and is a resident of Monterey County, California. He was formerly employed by Mann, within the statutory period in this case, at Mann's Monterey County California food production and packaging/packing facilities.

7. Defendant Mann Packing Co., Inc. is a California corporation, and at all times relevant to this complaint has been, a processor and packer of various food products at its Salinas, California food production facilities.

8. The true names and capacities, whether individual, corporate, associate, or otherwise of Does 1-50, inclusive, are unknown to Plaintiff, who, therefore, sues the Doe Defendants by fictitious names. Plaintiff is informed, believes, and thereon alleges that each of these fictitiously-named Defendants is responsible in some manner for the occurrences and Plaintiff's and the class' damages as herein alleged. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

## FACTUAL/CLASS ACTION ALLEGATIONS

9. The policies and practices of Mann, including failure to pay for all hours worked, the failure to pay overtime wages, denial of meal and rest periods, and failure to pay wages upon termination of employment, at all relevant times have been substantially similar for Plaintiff and the members of the class.

10. Pursuant to state and federal regulations and Mann's own internal policies and procedures, Plaintiff and class members are required to wear PPE to protect Mann's products from cross contamination by human borne contaminants and bio hazards. This PPE includes, *inter alia*, aprons, frock coats, hair nets, plastic arm sleeves, gloves (cloth and plastic and/or cut resistant material) and other protective equipment and coverings. All of Mann's production and support employees engaged in the processing of food product are required to use PPE in the course of their work.

-3-

CLASS ACTION COMPLAINT

11. At the beginning of each work day, after they are under the control and rules and regulations of their employer, Plaintiff and class members are required to line up to receive clean items of required equipment and clothing for the day without compensation. Additionally, Plaintiff and class members are required to donn substantial amounts of PPE and sanitize their person(s) and PPE prior to the start of paid time. As a result of the various unpaid work activities which must be performed prior to the start of paid time, employees regularly are forced to arrive at the plant well before the start of their paid shifts.

12. During their unpaid 30-minute meal breaks, and rest breaks, Plaintiff and class members must doff and hang their PPE before exiting production areas. Prior to the conclusion of their 30 minute meal break, Plaintiff and class members return to the production area many minutes before the production line starts, in order to allow them sufficient time to re-donn their sanitary equipment, sanitize their persons and PPE and be ready to process food products prior to the expiration of their thirty minute meal breaks. All of these activities are required work activities, and Mann does not compensate Plaintiff and the class members for the time it takes to perform them. Furthermore, as these are required work activities, Mann never in fact offers, nor provides Plaintiff, or class members, with the opportunity to take a full 30 minute meal break free of work activities. Likewise, as a result of having to perform the same work cross contamination prevention work activities during their ten (10) minute rest breaks, Plaintiff and his co-workers were also never offered the opportunity to take a full ten minute rest break free of mandatory work activities.

13. Mann denies to Plaintiff and the class members the meal and rest periods to which they are entitled each day. Even when Plaintiff and the class members are allowed to take a meal or rest break, the multiple mandatory work activities they must perform during their meal and rest breaks mean that they are neither offered nor provided with duty-free breaks.

14. Mann's unlawful conduct has been widespread, repeated, and willful throughout its California production facilities. Mann knew or should have known that its policies and practices have been unlawful and unfair.

-4-

CLASS ACTION COMPLAINT

15. Plaintiff brings this case as a class action on behalf of himself and all others similarly situated individuals. The class that Plaintiff seeks to represent for violations by Defendant of California labor statutes is defined as follows:

> "All individuals who are currently employed, or formerly have been employed as nonexempt hourly production and support employees at Mann facilities in Salinas, California, at any time within four (4) years prior to the filing of the original complaint until resolution of this action."

16. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

    i. Whether Mann, through its policy of requiring its non-exempt production-line employees to perform substantial work off-the-clock, fails to pay class members all of the wages they are owed in violation of the California Labor Code;

    ii. Whether Mann, through its policy of requiring its non-exempt production-line employees to perform substantial work off-the-clock, fails to pay class members all of the overtime wages they are owed in violation of the California Labor Code;

    iii. Whether Mann, through its policy of requiring its non-exempt production-line employees to perform substantial work off-the-clock, fails to pay class members all of the overtime wages they are owed in violation of Business and Professions Code §17200 et seq;

    iv. Whether Mann, through its policy of requiring its non-exempt production-line employees to perform substantial work off-the-clock, fails to provide class members with the meal periods to which they are entitled in violation of the California Labor Code;

    v. Whether Mann, through its policy of requiring its non-exempt production-line employees to perform substantial work off-the-clock, fails to provide

class members with the meal periods to which they are entitled in violation of Business and Professions Code §17200 et seq.;

    vi. Whether Mann's systemic failure to offer and provide class members with and opportunity to take a full thirty minute meal break free of required work activities violates the California Labor Code and IWC wage orders;

    vii. Whether Mann's systemic failure to offer or provide class members with full thirty minute meal breaks and ten minute breaks free of required work duties has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 et seq;

    viii. Whether Mann's policy and practice of failing to pay class members all wages due upon the end of their employment violates the California Labor Code;

    ix. Whether Mann's policy and practice of failing to pay class members all wages due upon the end of their employment has been an unlawful, unfair or fraudulent business act or practice in violation of Business and Professions Code §17200 et seq;

    x. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the class as alleged herein.

17. Typicality: Plaintiff claims are typical of the claims of the class. Plaintiff and all putative class members were subject to the same unlawful policies. Mann's common course of conduct in violation of law as alleged herein has caused Plaintiff and class members to sustain the same or similar injuries and damages.

18. Adequacy of Representation: Plaintiff and members of the class do not have any conflicts of interest with other class members, and will prosecute the case vigorously on behalf of the class. Counsel representing Plaintiff and the class are competent and experienced in litigating large employment class actions, including successfully litigating class actions involving all statutory claims alleged herein. Plaintiff will fairly and adequately represent and protect the interests of the class members.

-6-

CLASS ACTION COMPLAINT

19. Superiority of class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each class member has been damaged and is entitled to recovery by reason of Mann's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

## FIRST CAUSE OF ACTION

### Failure to Compensate for All Hours Worked

20. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

21. California Labor Code §204 provides that wages for all work performed must be paid "twice during each calendar month, on days designated in advance by the employer as the regular paydays."

22. Plaintiff and the class were required by Mann to work "off-the-clock" without compensation for their work performed. Thus, Plaintiff and the class members were forced to perform work for the benefit of Mann without compensation.

23. In violation of State law, Mann knowingly and willfully refused to perform its obligations to provide Plaintiff and the class with compensation for all time worked as required by California law. Mann committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and the class, with improper motives amounting to malice, and in conscious disregard of the rights of Plaintiff and the class. Plaintiff and the class are thus entitled to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.

24. As a proximate result of the aforementioned violations, Plaintiff and the class have been damaged in an amount according to proof at time of trial.

-7-

25. Wherefore, Plaintiff and the class request relief as hereinafter provided.

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Wages

26. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

27. California Labor Code §510(a) provides as follows:

"Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one work week shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a work week shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work."

28. The IWC Wage Order 4-2001(3)(A)(1), 8 Cal. Code Regs. §11040, states:

(3)(A)(1)The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

29. California Labor Code §1194(a) provides as follows:

"Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid

-8-

balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

30. California Labor Code §200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

31. Mann's across-the-board policy of requiring Plaintiff and the class to perform substantial work "off the clock" is and all relevant times herein was unlawful. As a result of this unlawful policy, Plaintiff and class Members have worked overtime hours for Mann without being paid overtime premiums in violation of the California Labor Code, IWC wage orders and other applicable law.

32. Mann has knowingly and willfully refused to perform its obligations to compensate Plaintiff and the class for all premium wages for overtime work. As a proximate result of the aforementioned violations, Mann has damaged Plaintiff and the class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

33. Mann is liable to Plaintiff and the class alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff and the class are entitled to an award of attorneys' fees and costs as set forth below.

34. Wherefore, Plaintiff and the class request relief as hereinafter provided.

## THIRD CAUSE OF ACTION

### Failure to Provide Meal and Rest Periods

35. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

36. California Labor Code §§226.7 and 512 and the applicable IWC wage orders require Mann to provide meal and rest periods to its non-exempt hourly employees. Labor Code §§226.7 and 512 and the IWC wage orders prohibit employers from employing an employee for more than five hours without a meal period of not less than 30 minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than 30 minutes. Unless the employee is relieved of all duty during the 30-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

37. Under §226.7(b) and the applicable wage orders, an employer who fails to provide a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided. Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided.

38. Despite these requirements, Mann has knowingly and willfully refused to perform its obligations to offer Plaintiff and the class with the off-duty meal and rest periods to which they are entitled. Mann has also failed to pay Plaintiff and the class one hour of pay for each off-duty meal and/or rest period that they are denied. Mann's conduct described herein violates California Labor Code §§226.7 and 512, and the applicable wage orders. Therefore, pursuant to Labor Code §226.7(b), Plaintiff and the class are entitled to compensation for the failure to provide meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

39. Wherefore, Plaintiff and the class request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION

### Unpaid Wages and Waiting Time Penalties Pursuant to Labor Code §§201-203

40. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

41. Labor Code §201 provides:

"If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

42. Labor Code §202 provides:

"If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

43. Labor Code §203 provides, in relevant part:

"If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

44. Class members have left their employment with Mann during the statutory period, at which time Mann owed them their unpaid wages. Mann willfully refused and continues to refuse to pay class members all the wages that were due and owing them upon the end of their employment. As a result of Mann's actions, the class has suffered and continues to suffer substantial losses, including lost earnings and interest.

45. Mann's willful failure to pay class Member the wages due and owing them constitutes a violation of Labor Code §§201-202. As a result, Mann is liable to Plaintiff and the class members for all penalties owing pursuant to Labor Code §§201-203.

46. In addition, §203 provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due. Therefore, the class is

1 | entitled to penalties pursuant to Labor Code §203, plus interest.

47. Plaintiff and the class are entitled to an award of attorneys' fees and costs as set forth below.

Wherefore, Plaintiff and the class request relief as hereinafter provided.

## FIFTH CAUSE OF ACTION

### California Wage Statement Class for Failure to Properly Itemize Pay Stubs in Violation of California Labor Code §§226(a) and 226(e)

48. Plaintiff incorporates the above numbered paragraphs above as if fully set forth herein.

49. At all times relevant to this Complaint, California Labor Code §226 was in effect and provided (inter alia) that, upon paying and employee his or her wages, the employer must:

> "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

50. Plaintiff and the class believe and, therefore allege, that Defendants failed to furnish them, and all others similarly-situated, with proper and accurate itemized written statements containing, including but not limited to: all the hours that Plaintiff (and others similarly-situated) worked; the gross wages earned; the net wages earned; and the total hours worked.

51. Plaintiff and the class allege that Defendant's failure to furnish them with proper itemized wage statements was done knowingly and intentionally, and that they (and others

-12-

CLASS ACTION COMPLAINT

similarly-situated) suffered injury thereby. Thus, under California Labor Code section 226(e), Plaintiff (and others similarly-situated) are "entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) [per employee]..."

52. Plaintiff and the class are also entitled to, and seek on behalf of themselves and all other similarly situated individuals, all reasonable attorneys' fees and costs of suit pursuant to Labor Code section 226(e).

## SIXTH CAUSE OF ACTION

### Violation of California Business and Professions Code §§17200, et seq.

53. Plaintiff and the class re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

54. California Business and Professions Code §§17200 et seq. (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL"), prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

55. California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

56. Labor Code §90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

57. Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Mann has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

– 13 –

CLASS ACTION COMPLAINT

      a.    violations of Labor Code §204 pertaining to the payment of wages for all hours worked;

      b.    violations of Labor Code §§510 and 1194 and IWC wage orders pertaining to overtime;

      c.    violations of Labor Code §§226.7 and 512 and IWC wage orders pertaining to meal and rest breaks;

      d.    violations of Labor Code §§221-223 and 401-410, and IWC wage orders pertaining to wage deductions; and

      e.    violations of Labor Code §§201-203.

58. The violations of these laws and regulations, as well as of the fundamental California public policies protecting straight time wages and overtime wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§17200 et seq.

59. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§17200, et seq. Among other things, the acts and practices have taken from Plaintiff and the class wages rightfully earned by them, while enabling Mann to gain an unfair competitive advantage over law-abiding employers and competitors.

60. Business and Professions Code §17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Mann from repeating its unlawful, unfair and fraudulent business acts and business practices alleged above.

61. As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the class Members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

62. Business and Professions Code §17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair

competition. Plaintiff and the class are entitled to restitution pursuant to Business and Professions Code §17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

63. Business and Professions Code § 17202 provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Plaintiff and class members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code § 17202.

64. Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of himself as well as others similarly situated. Plaintiff and the class seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

65. Plaintiff herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her and/or the class to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

66. Wherefore, Plaintiff and the class request relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the class pray for relief as follows:

    A. Damages and restitution according to proof at trial for all unpaid wages, unpaid overtime, and unpaid minimum wages and other injuries, as provided by the California Labor Code;

    B. For a declaratory judgment that Mann has violated the California Labor Code and public policy as alleged herein;

C. For a declaratory judgment that Mann has violated Business and Professions Code §§17200 et seq., as a result of the aforementioned violations of the Labor Code and of California public policy protecting wages;

D. For preliminary, permanent and mandatory injunctive relief prohibiting Mann, its officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged;

E. For an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon;

F. For an order awarding Plaintiff and the class Members compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money owed to Plaintiff and class Members, together with interest on these amounts, according to proof;

G. For an order awarding Plaintiff and the class civil penalties pursuant to the Labor Code provisions cited herein and the Unfair Business Practices Act, with interest thereon.

H. For an award of reasonable attorneys' fees as provided by the California Labor Code; California Code of Civil Procedure § 1021.5; and/or other applicable law;

I. For an order awarding Plaintiffs and the class all other relief presently available to them pursuant to the California Labor Code provisions cited herein and the UCL, with interest thereon;

J. For an award of reasonable attorneys' fees as provided by the California Labor Code, California Code of Civil Procedure § 1021.5, and/or other applicable law;

K. For all costs of suit; and

L. For such other and further relief as this Court deems just and proper.

Dated: 2/13, 2012

Stuart R. Chandler, Co-Counsel for Plaintiff and the class

– 16 –

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| STUART R. CHANDLER, SBN 088969<br>Attorney at Law<br>761 East Locust Avenue, Suite 101<br>Fresno, California 93720<br>TELEPHONE NO.: (559) 431-7770  FAX NO.: (559) 431-7778<br>ATTORNEY FOR (Name): Plaintiff and the proposed class | **FILED**<br>FEB 17 2012<br>CONNIE MAZZEI<br>CLERK OF THE SUPERIOR COURT<br>_____ DEPUTY<br>CATHERINE DEVI |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY<br>STREET ADDRESS: 1200 Aguajito Road<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: Monterey, California 93940<br>BRANCH NAME: Civil Division, Unlimited Jurisdiction | |
| CASE NAME: MARTINEZ v. MANN PACKING CO. | |

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: M116476 |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action (specify): SIX (6)

5. This case [X] is  [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 16, 2012

STUART R. CHANDLER, SBN 088969
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10