UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN MARTINEZ, on behalf of himself and on behalf of all other similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>MANN PACKING CO. INC., a California corporation; and DOES 1-50, inclusive<br><br>    Defendants. | Case No.: 5:12-CV-02122-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Re: Docket No. 12] |

Before the court is Plaintiff Juan Martinez's ("Plaintiff") motion to remand this action to the Superior Court of Monterey County. Plaintiff contends that a remand is proper because his claims are rooted in state law and do not substantially depend on interpretation of his collective bargaining agreement ("CBA"). Defendant Mann Packing Co., Inc. ("Defendant") argues that federal subject matter jurisdiction is proper because Plaintiff's claims are inextricably intertwined with the CBA, and thus are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The court finds that the claims are not preempted, and GRANTS Plaintiff's motion to remand.

1

Case No.: 5:12-CV-02122-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

## I.     Background

Plaintiff filed this suit on February 17, 2012 in the Superior Court of Monterey County, Case No. M116476, on behalf of himself and all other similarly situated individuals. The complaint alleges six statutory causes of action:

1. Failure to compensate for all hours worked, in violation of Cal. Labor Code § 204;
2. Failure to pay overtime wages, in violation of Cal. Labor Code § 510(a) and IWC Wage Order 4-2001(3)(A)(1), 8 Cal. Code Regs. § 11040;
3. Failure to provide meal and rest periods in violation of California Labor Code §§ 226.7 and 512 and applicable IWC wage orders;
4. Failure to pay wages due and waiting time penalties in violation of California Labor Code §§ 201-203;
5. Failure to properly itemize pay stubs in violation of California Labor Code §§ 226(a) and 226(e); and
6. Violation of California Business and Professions Code §§ 17200, et seq.

Defendant removed the case to this court, claiming federal question jurisdiction. Specifically, Defendant argued that Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, because they require substantial interpretation of the collective bargaining agreement ("CBA") governing Plaintiff's employment. Plaintiff then filed this motion for remand.

## II.    Legal Standard

A defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted), and doubts as to

2

Case No.: 5:12-CV-02122-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

removability are resolved in favor of remanding the case to state court. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). The Defendant bears the burden of showing that removal is proper. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).

### III.    Discussion

Defendant argues that it properly removed this action because Plaintiff's claims are completely preempted by Section 301 of the LMRA.  That section supplies federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce[.]" 29 U.S.C. § 185(a). The Supreme Court has expanded the preemptive scope of Section 301 to cases for which resolution "is substantially dependent upon analysis of the terms of [a CBA.]" Allis–Chambers Corp. v. Lueck, 471 U.S. 202, 220 (1985).

A state-law claim is preempted by Section 301 if it is "either based upon a collective-bargaining agreement or dependent upon an interpretation of the agreement. Ramirez v. Fox Television Station, 998 F.2d 743, 748 (9th Cir. 1993).  When, as here, the complaint does not allege breach of a collective bargaining agreement, courts must conduct a two-part inquiry to determine whether Section 301 preempts Plaintiff's claims:

> First, the court must ask "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA."  If the answer is no, then the claim is preempted by 301.  If the answer is yes, then the court must ask whether the claim is "substantially dependent on analysis of a collective-bargaining agreement." If the answer is yes, then the claim is preempted by 301; if the answer is no, then "the claim can proceed under state law."

Rodriguez v. Pac. Steel Casting Co., No. 12-cv-00353, 2012 WL 2000793 at *3 (N.D. Cal. June 1, 2012) (internal citations omitted), (citing Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007)).

3

Case No.: 5:12-CV-02122-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**1. Plaintiff's Claims Involve State Law Rights**

First the court must determine whether Plaintiff's claims are based on rights given by state law. Courts must consider "the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement, (and not whether a grievance arising from 'precisely the same set of facts' could be pursued). Livadas v. Bradshaw, 512 U.S. 107, 123 (1994) (internal citations omitted). Here, Plaintiff's claims rely clearly on rights created by state law. Plaintiff made no mention of the CBA or violation of the CBA in his complaint. Instead, Plaintiff based each of his six causes of action solely on California statutes and regulations. In doing so, Plaintiff has demonstrated that the rights he relies on exist independently of his CBA. The Ninth Circuit has held that when employees base their claims "on the protections afforded them by California state law, without any reference to expectations or duties created by the [CBA]," then the claim is not subject to preemption. Valles v. Ivy Hill Corp., 410 F.3d 1071, 1082 (9th Cir. 2005). The court finds that Defendant has failed to prove that Plaintiff's claims satisfy the first step of the Burnside test. As a result, Section 301 preemption is improper under this step.

**2. Plaintiff's Claims are not Substantially Dependent on Interpretation of the CBA**

Having determined that Plaintiff's claims arise from rights created by state law, the court must now consider whether Plaintiff's state law claims are substantially dependent on an interpretation of the CBA. See Burnside, 491 F.3d at 1059. Section 301 preempts a state law claim only if the court must interpret the CBA in order to resolve it. Burnside, 491 F.3d at 1060. "The plaintiff's claim is the touchstone for this analysis; the need to interpret the collective bargaining agreement must inhere in the nature of the plaintiff's claim." Detabali v. St. Luke's Hosp., 482 F.3d 1199, 1203 (9th Cir. 2007) (internal quotation marks omitted). The claim must be so "inextricably intertwined with consideration of the terms of the labor contract" that the court would be required to interpret the CBA. Allis–Chalmers Corp. v. Lueck, 471 U.S. 202 (1985).

The issues in this case are whether Plaintiff was appropriately paid for his time donning and doffing required protective equipment, and whether the donning and doffing cut in to Plaintiff's 30-minute meal breaks and 10-minute rest breaks. Plaintiff contends that his claims can be

4

Case No.: 5:12-CV-02122-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1    resolved by consulting paystubs, wage statements, time cards, and statements from class members,

2    without referencing the CBA. Defendant argues that because the CBA governs aspects of

3    Plaintiff's employment related to donning and doffing, meal and rest breaks, and pay, that the CBA

4    must not only be referenced, but also interpreted, in order to resolve the claims.

5         Defendant argues that <u>Firestone v. So. Cal. Gas Co.</u> is particularly applicable. 219 F.2d

6    1063 (9th Cir. 2000). <u>Firestone</u> presented the question of whether plaintiffs received a "premium

7    wage rate" for overtime worked. The court determined that it must conduct a complex calculation,

8    requiring interpretation of the CBA, in order to determine whether plaintiffs were paid a premium

9    rate. <u>Firestone</u>, 219 F.2d at 1065-66. Plaintiff argues that <u>Gregory v. SCIE, LLC</u> is more readily

10   applicable. 317 F.3d 1050 (9th Cir. 2003). In <u>Gregory</u>, the plaintiff alleged that defendant had

11   violated the California Labor Code and several Wage Orders by failing to pay him for overtime

12   work at premium wage rates. There, the Ninth Circuit found that because the plaintiff's claim was

13   based entirely on state law and there was no dispute over the CBA terms or their interpretation, that

14   Section 301 did not preempt the claim.

15        This court agrees that the issues in this case are more similar to those presented in <u>Gregory</u>.

16   Like the plaintiff in that case, Plaintiff here alleges that he was not paid for all hours and overtime

17   hours worked, and was not given sufficient meal and rest periods Therefore, the issue "is not <u>how</u>

18   overtime rates are calculated but whether the <u>result</u> of the calculation complies with California

19   law." <u>Gregory</u> at 1053 (emphasis in original). Defendant points to numerous provisions of the

20   CBA, including sections governing management rights, work rules, safety, clothing and equipment,

21   rest breaks, adjustment of breaks, overtime rate, daily recall, minimum work hours, wage rates for

22   combination jobs, out of classification work, and wage rates, to support its argument that the CBA

23   must be consulted "to determine the rate at which Plaintiff was to be paid, the amount of time he

24   must be compensated for, and the various safety and health policies that applied to his

25   employment." Opp'n at 10:22-24, Dkt. No. 13. Despite these citations, Defendant has not

26   presented sufficient evidence to show that the court will be required to interpret a complex scheme

27   in the CBA, or even that the terms of the CBA are ambiguous. "[M]ere consultation of the CBA's

28

terms, or a speculative reliance on the CBA will not suffice to preempt a state law claim." <u>Humble v. Boeing Co.</u>, 305 F.3d 1004, 1008 (9th Cir. 2002); <u>see also</u> <u>Cramer v. Consol. Freightways, Inc.</u>, 255 F.3d 683, 691–92 (9th Cir. 2001) ("alleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA. A creative linkage between the subject matter of the claim and the wording of a CBA provision is insufficient ....").

Additionally, Defendant alleges that the CBA must be interpreted because in some instances it provides for rights greater than state law requirements. That the CBA may expand the rights granted by state law is of no import, because Plaintiff alleges only violation of California statute. Furthermore, the Complaint does not seek damages for any violation of rights under the CBA, but rather only for violations of the California Labor Code.

Defendant has failed to meet its burden of showing that the court must interpret the CBA in order to resolve Plaintiff's claims. Because the claims and the CBA are not "inexplicably intertwined," Section 301 preemption does not apply. The court therefore GRANTS Plaintiff's motion to remand.

### IV.   Conclusion

For the foregoing reasons, the court REMANDS this action to the Monterey County Superior Court.

The clerk shall CLOSE this matter.

**IT IS SO ORDERED.**

Dated: September 18, 2012

_____
EDWARD J. DAVILA
United States District Judge

6
Case No.: 5:12-CV-02122-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND